IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE A. GUILFOIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 15-733-GMS |
| | ) |
| ROBERT COUPE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Dale A. Guilfoil ("Guilfoil"), a pretrial detainee at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 1.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

**I. BACKGROUND**

Guilfoil, a pretrial detainee at SCI, alleges that his treatment is worse than that of sentenced inmates and amounts to punishment in violation of his constitutional rights. He alleges that: (1) he was forced to sleep on the floor of his cell for several days before he was moved to the bottom bunk; (2) his cell did not have a sink or toilet; (3) recreation is restricted for various reasons; (4) detainees are locked in their cell (two to three men to a cell) for 22 ½ hours per day, seven days a week; (5) thermostats are set uncomfortably low; (6) during the winter, pretrial detainees are not issued warm clothing for outside recreation; (7) pretrial detainees are

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

not provided an area to walk; (8) he was told not to look out his cell window; and (9) the only items SCI pretrial detainees may purchase from the commissary are writing materials and cosmetics.[2]

Guilfoil submitted a grievance regarding the conditions, the grievance panel agreed, the recommendation was sent to the warden who denied the grievance, and Guilfoil appealed the matter. He awaits the appeal decision. Guilfoil alleges that retaliation occurred after he submitted a grievance when he was told to pack his things and moved to a higher security unit. He seeks compensatory damages and injunctive relief.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Guilfoil proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully

---

[2]Guilfoil alleges that sentenced inmates and pretrial detainees at other Delaware institutions do have not the same commissary restrictions as pretrial detainees at SCI.

2

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Guilfoil leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at

346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Respondeat Superior

Guilfoil has named Robert Coupe ("Coupe") as a defendant based upon his supervisory position. Government officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. State actors are only liable under § 1983 for their own unconstitutional conduct. *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). A plaintiff must allege "personal direction" or "actual knowledge and acquiescence." *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, Guilfoil does not allege that Coupe is personally responsible for his alleged constitutional injuries. Rather, he refers to Coupe's position as Commissioner of the Delaware Department of Correction. The sparse allegation does not rise to the level of a constitutional violation. Therefore, the court will dismiss the claim against Coupe as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

4

## B. Grievances

The defendant James Welch ("Welch") is identified by Guilfoil as the individual who reviews grievances appealed to the Dover office. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006). To the extent that Welch is named as a defendant based upon Guilfoil's dissatisfaction with the grievance procedure or denial of his grievance, the claim fails because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). The denial of grievance appeals does not in itself give rise to a constitutional claim as Guilfoil is free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

Therefore, the court will dismiss the claim against Welch as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the court will dismiss the defendants Robert Coupe and James Welch as the claims against them are legally frivolous pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) and 1915A(b)(1). The plaintiff has raised what appear to be non-frivolous and cognizable claims against the defendants G. R. Johnson, Linda Valentino, and Dave Duperron, and he may proceed against them.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Dec 10, 2015
Wilmington, Delaware

5